## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TOP PEARL, LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-1249 |
| | § | |
| COSA FREIGHT, INC., *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

### ORDER OF DEFAULT JUDGMENT

Pending before the court are plaintiff's motion for entry of judgment against James William Reilly d/b/a Warehouse Management Group (Dkt. 98) and plaintiff's amended motion for entry of default and motion for default judgment against Alberto Bonilla and Karla Soria (Dkt. 102).  After reviewing the motions, related filings, and applicable law, the court is of the opinion that the motions should be GRANTED in part and DENIED in part.

### I. BACKGROUND

This case arose following the unauthorized release of a shipment of garlic and chilies to a buyer in San Antonio, Texas before payment was made to the seller.  Dkt. 47 at 3; Dkt. 102 at 2.  Specifically, Top Pearl entered into a contract of sale for the shipment of the garlic and chilies with Santa Rosa Spice Company and Almacenes Valencias in San Antonio, Texas.  *Id.*  The goods were transported from China to California. Dkt. 47 at 3.  Cosa Freight then transported the goods by rail to Houston, Texas, and contracted with Maritime Services to store the goods in Houston until Top Pearl agreed to release the goods to the buyers after payment was made.  *Id.*  Maritime Services contracted with James Reilly d/b/a Warehouse Management Group ("Reilly") for the storage of the

goods.  *Id.* at 4.  All the parties were aware that the goods were not to be released to the buyers in San Antonio until Top Pearl received payment.  *Id.* at 3.

Karla Soria ("Soria"), an employee of Almacenes Valencias and Santa Rosa Spice Company, contacted Alberto Bonilla ("Bonilla"), an employee of Reilly, and requested the goods be released. *Id.* at 4.  Soria and Bonilla knew that the goods were not to be released until Top Pearl received payment, but Bonilla released a portion of the goods to Soria.  *Id.* at 3.  Top Pearl maintains it incurred damages for the unauthorized release of the goods, including the fair market value of the goods released, the lost market value incurred when Top Pearl had to sell the remaining goods at a lower price, and the cost to store the remaining goods.  *Id.* at 4.

Top Pearl sued all the parties involved.  Dkt. 1 at 3; Dkt. 47.  Cross-claims and third party claims were also brought by Cosa Freight and Maritime Services.  Dkts. 42, 46.  All claims between the parties have been resolved except for Top Pearl's claims against Reilly, Soria, and Bonilla.  Dkts. 38, 94, 100.  As part of Top Pearl's settlement with Maritime Services and Cosa Freight, Top Pearl was assigned all rights to any claims Maritime Services and Cosa Freight had against Reilly, Soria, and Bonilla.  Dkt. 97.

Soria executed a waiver of service on May 11, 2010, acknowledging that she was to appear in this lawsuit within 60 days.  Dkt. 7.  Bonilla was properly served with plaintiff's first amended complaint pursuant to the court's order for substituted service on October 13, 2011.  Dkt. 56. Neither Soria nor Bonilla have filed an answer in this lawsuit.

Reilly was also served with plaintiff's first amended complaint on October 13, 2011 pursuant to the court's order for substituted service.  Dkt. 55.  Reilly filed an answer to the first amended complaint and third party complaint on November 4, 2011.  Dkts. 57, 58.  Reilly thereafter failed to participate in the lawsuit.  On December 6, 2012, the court granted a motion to compel and request

for discovery sanctions against Reilly for failing to appear at his scheduled deposition.  Dkt. 76.  The

court warned Reilly that "[f]ailure to attend the deposition as ordered will result in further sanctions

that may include striking Reilly's pleadings."  *Id.* at 1.  After Reilly failed to appear for his second

scheduled deposition, the court entered sanctions against Reilly, striking his pleadings and ultimately

rendering default judgment against him for plaintiff's claims.  Dkt. 86.  The court also ordered Reilly

to pay the attorneys' fees of Top Pearl, Maritime Services, and Cosa Freight due to Reilly's failure

to appear for his depositions.  *Id.*; Dkt. 76.  The court, therefore, has entered default against Reilly

based on his failure to participate in the lawsuit.  Dkt. 86.  Top Pearl now asks the court to enter final

judgment with respect to Reilly and enter default judgment against Soria and Bonilla based on their

failure to answer in this lawsuit after proper service.

## II.  ANALYSIS

Entry of a default and default judgment are appropriate "when a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

shown by affidavit or otherwise . . . ."  FED. R. CIV. P. 55(a).  Under Rule 5.5 of the Local Rules of

the Southern District of Texas, a motion for default judgment must be served upon the defendant via

certified mail, return receipt requested.  S.D. TEX. L.R. 5.5.

Plaintiff properly secured service on Soria and Bonilla on May 11, 2010 and October 13,

2011, respectively.  Dkts. 7, 56.  The summonses were addressed to Soria and Bonilla and explained

the consequences of not answering the complaint pursuant to Federal Rule of Civil Procedure 12(a).

*Id.*  Soria and Bonilla have not answered or otherwise made an appearance.  Soria and Bonilla are

not believed to be minors, incompetent, or on active duty in the military service of the United States

of America.  Dkt. 102 at 4, Ex. 3.  Plaintiff properly served their request for entry of default and

amended motion for final default judgment pursuant to Local Rule 5.5 by mailing copies to Soria

and Bonilla via U.S. Mail and U.S. Certified Mail, return receipt requested, on September 12, 2013. Dkt. 102.  Accordingly, Soria and Bonilla were properly served in this case both with process and plaintiff's amended motion for default judgment.  Given Soria and Bonilla's failure to appear in this lawsuit as required by the Federal Rules of Civil Procedure, the court has the authority to accept all well-pleaded facts in plaintiff's complaint as true and to award the relief sought by plaintiff in this action. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Further, plaintiff moves for entry of judgment against Reilly (Dkt. 98) under Federal Rule of Civil Procedure 58 based on the court's previous rendering of default judgment against Reilly as a discovery sanction on March 22, 2013.  Dkt. 86.  Reilly has not responded to plaintiff's motion. The court will, therefore, enter judgment against Reilly on plaintiff's claims.

In this case, plaintiff seeks actual damages for its loss in the amount of $92,299.20. Specifically, plaintiff's office manager, Petra Yu, submitted a declaration stating that the fair market value of the goods lost at the time of the loss was $66,649.20. Dkt. 102, Ex. 1.  Further, Yu declared that Top Pearl was required to mitigate its damages for the remaining product that was not impermissibly released for a loss of $16,000.  *Id.*  Finally, Top Pearl incurred $9,650.00 for storage of the remaining goods.  *Id.*  Based on the facts as alleged in Top Pearl's first amended complaint and the declaration of Yu, the court finds that Top Pearl is entitled to actual damages in the amount of $92,299.20.

Additionally, Top Pearl seeks its attorney's fees in the total amount of $51,895.43.  An award of attorneys fees is governed by the same law that determines the substantive issues of the case. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Therefore, in this diversity case, Texas law controls both the award of and the reasonableness of the fees awarded.  *Id.*  Texas allows a

4

prevailing party to recover attorney's fees "only if permitted by statute or by contract." *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 58 (Tex. 2008).  Recovery of attorney's fees requires the plaintiff to prove that the fees incurred were reasonable and necessary for the prosecution of the case. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 819 (Tex. 1997); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

Plaintiff's first amended complaint asserts causes of action against defendants for breach of contract, negligence, conversion, and bailment.  Of the four causes of action alleged, plaintiff is only entitled to attorney's fees under Texas Civil Practices and Remedies Code Section 38.001 as the prevailing party for its breach of contract claim. TEX. CIV. PRAC. & REM. CODE § 38.001(8) ("A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract.").  Under Texas law, "if any attorneys' fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006).

Furthermore, plaintiff brought suit against five defendants. Plaintiff previously settled with two of the five defendants, and Reilly and Bonilla were not brought into this lawsuit until approximately one year after its inception.  Dkts. 41, 97.  A party seeking attorney's fees not only has a duty to segregate nonrecoverable fees from recoverable fees, but it also must segregate the fees owed by different parties.  *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10–11 (Tex. 1991) (if some defendants settle, remaining defendants may not be assessed fees attributable to settling defendants); *French v. Moore*, 169 S.W.3d 1, 17 (Tex. App.–Houston [1st Dist.] 2004, no pet.).

5

Plaintiff submitted a conclusory affidavit from its counsel attesting that Top Pearl incurred $47,978.99 in attorney's fees in the prosecution of this case based on 239.9 hours of work at $200 per hour.  As far as the court can tell, instead of segregating its fees among the various defendants or causes of action or explaining why segregation should not be required, plaintiff has only provided evidence of the total attorney's fees expended in the case as a whole.  The court is unable to award attorney's fees without further evidence regarding the fees that are recoverable and the defendants to which such fees are attributable.

Top Pearl also seeks additional attorney's fees of $3,916.44 for work that its California counsel purportedly did on the case.  Plaintiff's office manager declared that these legal expenses were incurred; however, plaintiff has not substantiated or demonstrated to the court that $3,916.44 were reasonable and necessary attorney's fees incurred in prosecution of this case.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) ("[T]he court should exclude all time that is excessive, duplicative, or inadequately documented.").  Therefore, the court will deny  plaintiff's request for attorney's fees without prejudice and order the plaintiff to submit additional evidence supporting its request for attorney's fees within fourteen days of this Order.

### III.  CONCLUSION

Plaintiff's motion for entry of judgment (Dkt. 98) is hereby GRANTED in part and DENIED in part as to defendant James Reilly d/b/a Warehouse Management Group, and plaintiff's amended motion for default judgment (Dkt. 102) is hereby GRANTED in part and DENIED in part as to defendants Karla Soria and Alberto Bonilla.  Top Pearl is ORDERED to submit additional evidence in support of its request for attorney's fees.  The court will enter a separate final judgment consistent with this opinion.

It is so ORDERED.

Signed at Houston, Texas on October 9, 2013.

_____
Gray H. Miller
United States District Judge

7